UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REGINALD WIGGINS,

                Plaintiff,

    -against-                                21-cv-772 (PKC)

                                                    ORDER

LIAKAS LAW, P.C., et al.

                Defendants
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Wiggins's counsel in his December 23, 2021 letter states that he never intended to act in bad faith and that the Appellate Division ruling "did not serve to extinguish [the client's] claimed damages." That is not an adequate answer to the question to which the Court ordered a response. (Order of Dec. 22, 2021.)

        Defendants filed a motion to dismiss in this case. They submitted a copy of the trial court's decision and the Rosenbaum firm's notice of appeal of that decision which led to the Appellate Division's November 16 ruling. Defendants argued to this Court that "Plaintiff has not suffered actual damages given that the court's decision dismissing the underlying action as against the individual police officers is pending appeal." (D. Mem. at 10.) The motion was fully submitted and awaiting a judicial ruling. It was incumbent upon the Rosenbaum firm that represented Wiggins in this action and in the Appellate Division to advise the Court of what it knew: that the matter had been decided by the Appellate Division. Counsel for Wiggins shows no appreciation of the foreseeable consequences of his actions—a ruling by this Court based on a state of facts that no longer existed--and no remorse.

Plaintiff's present complaint in this action alleges that

.On August 3, 2020, the New York State Supreme Court, New York County issued a decision granting the City of New York's motion to dismiss the claims as against the individual police officers and as a result the Plaintiff, REGINALD WIGGINS, is unable to seek compensatory and punitive damages as against those individual defendants for the personal injuries he suffered as aresult of their aforementioned negligence, carelessness and recklessness.

(Complaint ¶ 31.) While the historical fact of the trial court's ruling remains true, the claimed injury—the "result" of the trial court's ruling, has changed. The Complaint further alleges that "[a]s a proximate result of the negligence alleged, Plaintiffs causes of action, as against the individual defendant police officers, is now barred and his claims rendered worthless. . . ." (Id. at ¶ 40.) That allegation is no longer accurate. Counsel's letter of December 23, 2021 further advises that, contrary to the allegations of the Complaint, he now concedes that his client has no claim for lost punitive damages. (Id. at ¶37.)

Counsel for Wiggins now advances new factual information in his letter of December 23 to try and salvage his claim. Counsel asserts that his firm was retained and entered into an "original retainer" agreement with Wiggins and then a "further retainer agreement" governing the appeal, apparently also a contingency arrangement. It is the fees on this "further retainer agreement" that Wiggins now alleges, albeit in a letter and not a pleading, was proximately caused by the defendants' actions. This has prompted defendants to respond that the "further retainer" is an unlawful attempt to circumvent the rules on contingency fees. The issue has not been adequately framed or briefed by anyone.

Plaintiff shall amend his complaint by February 14, 2022. Defendants' motion to dismiss is deemed withdrawn without prejudice in anticipation of the amended complaint. By March 14, 2022, defendants may file a motion to dismiss addressed to the amended complaint, by March 31, 2022 plaintiff shall respond and by April 12, 2022 defendants may reply. The Clerk is directed to terminate the motion (Doc 24).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 11, 2022