UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REGINALD WIGGINS,

                          Plaintiff,                          21-cv-772 (PKC)

            -against-                                         OPINION
                                                             AND ORDER

LIAKAS LAW, P.C., PAUL PRESTIA, ESQ.
and THE PRESTIA LAW FIRM, PLLC,

                          Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

          Reginald Wiggins brings one claim of legal malpractice against the attorneys who

formerly represented him in ongoing proceedings against the City of New York (the "City") and

several individual members of the NYPD.  Defendants Liakas Law, P.C. ("Liakas"), Paul

Prestia, Esq. and The Prestia Law Firm, PLLC ("Prestia") move to dismiss the Amended

Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  (Docket # 50, 53.)  For the reasons that

will be explained, those motions are denied without prejudice, and the Court stays this action.

          In the underlying action, Wiggins has asserted common law claims of false arrest,

malicious prosecution and respondeat superior relating to his arrest, detention, guilty plea and

eventual release from custody.[1]  Wiggins's claims against the NYPD members were initially

dismissed by the New York Supreme Court, New York County, because Wiggins did not file a

timely Notice of Claim that identified each individual defendant by name.  Wiggins v. City of

New York, 69 Misc. 3d 620 (N.Y. Sup. Ct. N.Y. Cnty. 2020) (Wiggins I).  The Appellate

Division, First Department, reversed that dismissal in a decision that overruled First Department

_____

[1] Background on Wiggins's arrest, detention and conviction is set forth in People v. Wiggins, 31 N.Y.3d 1, 7-9
(2018).

precedent requiring a plaintiff to name each individual defendant in a Notice of Claim.  Wiggins v. City of New York, 201 A.D.3d 22 (1st Dep't 2021) (Wiggins II).

Wiggins is now litigating his claims against the individual officers in an ongoing action in state court.  The state court docket indicates that defendants filed an amended answer on March 7, 2022.  Wiggins v. City of New York, et al., 152665/2019 (N.Y. Sup. Ct. N.Y. Cnty.).  As of March 8, 2023, the most recent state court filing was an August 26, 2022 request for a preliminary conference.

Wiggins asserts that Liakas and the Prestia defendants committed legal malpractice by not filing timely Notices of Claim on his behalf, thereby causing him to pay additional legal fees to prosecute his successful appeal.  "An action for legal malpractice requires proof of three elements: (1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages."  Excelsior Capitol LLC v. K&L Gates LLP, 138 A.D.3d 492, 492 (1st Dep't 2016) (quotation marks omitted).  A "plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence."  Katsoris v. Bodnar & Milone, LLP, 186 A.D.3d 1504, 1506 (2d Dep't 2020) (quotation marks omitted); see also Miami Capital, LLC v. Hurwitz, 174 A.D.3d 414, 414 (1st Dep't 2019) ("Since damages in a legal malpractice case are designed to make the injured client whole, having failed to plead actual damages, plaintiff's complaint fails to state a claim.") (internal citation and quotation marks omitted).  "'[T]he failure to show proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent.'"  Excelsior Capitol, 138 A.D.3d at 492 (quoting Global Bus. Inst. v. Rivkin Radler LLP, 101 A.D.3d 651, 651 (1st Dep't 2012)).

When Wiggins initially commenced this action, the First Department had not yet revived his claims. The original complaint's theory of proximate cause and actual damages was straightforward: it asserted that defendants' failure to file a timely notice of claim resulted in dismissal of meritorious claims, and that Wiggins was therefore damaged by defendants' negligence. (Compl't ¶¶ 36-40.)

The Amended Complaint endeavors to allege a theory of proximate cause and damages. It asserts that after the motion to dismiss was submitted in the underlying case, but before the motion was decided, Wiggins retained the law firm Rosenbaum & Rosenbaum, P.C. (the "Rosenbaum Firm") in place of Liakas and Prestia. (Am. Compl't ¶ 29.) The retainer agreement provided for a contingency fee of 33-1/3% against recovery but did not separately address fees for an appeal in the event that the motion to dismiss was granted, as it was. (Id.)

On September 1, 2020, after the dismissal of the state court action, the Rosenbaum Firm filed a notice of appeal on Wiggins's behalf. (Id. ¶ 32.) On September 22, 2020, Wiggins and the Rosenbaum Firm entered into a second retainer agreement that provided for "an additional 10% contingency fee in exchange for services rendered in the prosecution/defense of an appeal." (Id. ¶ 33.) The Amended Complaint asserts that defendants' failure to file a timely Notice of Claim damaged Wiggins "in the form of an additional 10% legal fee in consideration of legal services in connection with appeals . . . ." (Id. ¶¶ 40, 42.) It asserts that Wiggins "believes" that his ongoing claims are meritorious and that he "will" recover damages against defendants in the state action. (Id. ¶ 41.)

Thus, the Amended Complaint's theory of proximate cause and damages is that defendants' failure to file a timely notice of claim damaged Wiggins by causing him to agree to

pay an additional 10% contingency fee on any recovery he ultimately receives in the state court action, bringing the contingency fee up to 43-1/3% of the recovery.

Defendants' arguments in favor of dismissal invite this Court to predict the outcome of the state proceedings. Prestia urges that Wiggins's claim should be dismissed because he will not succeed in the underlying action, asserting that because he entered a plea of guilty in his criminal case, he will be unable to prove false arrest or malicious prosecution. (ECF 55 at 18-22.) Prestia argues that the pleadings in the underlying action otherwise fail to adequately allege a claim for relief. (Id. at 22-23.) But the merits of those claims are being litigated, and it would be premature for this Court to conclude at the pleading stage of the legal malpractice action that, as a matter of law, Wiggins's still-pending state-court claims are meritless.

Liakas argues that even if the First Department had not restored the claims, Wiggins could not have plausibly alleged proximate cause and damages because he could have pursued claims against the City about individual officers' conduct on a respondeat superior theory. (ECF 52 at 11-12.) But Liakas acknowledges that Wiggins's claims against the individual officers seek the award of punitive damages, and that punitive damages may not be awarded against municipalities, including the City. (Id. at 14-15.) It remains true that if Wiggins is unable to prove a claim against the individual officers in the state action, then he would be unable to prove in this action that any legal malpractice causing the dismissal of the claims against the individual officers, later reinstated on appeal, caused him a cognizable injury. This is because the assertedly defective Notice of Claim did timely provide notice of a claim against the City, but not the individual officers. (ECF 51-3.)

Separately, both Prestia and Liakas urge that Wiggins cannot allege actual damages because his agreement to pay the Rosenbaum Firm an additional 10% in contingency fees is unenforceable under the rules of the Appellate Division, First Department, which include a provision stating that attorney compensation "which is in excess of such scheduled fees shall constitute the exaction of unreasonable and unconscionable compensation in violation of any provision of the Rules of Professional Conduct . . . ."   22 N.Y.C.R.R. § 603.25(e)(1).   The fees schedule includes "[a] percentage not exceeding 33% of the sum recovered.  Id. § 603.25(e)(2). However, New York authority permits an attorney and client to agree to additional fees for appellate work.  See Stewart v. New York City Transit Auth., 125 A.D.3d 129, 134 (1st Dep't 2014) ("Where the parties expressly contemplate additional fees in connection with a successful appeal, such an award is legally and ethically permissible, and does not run afoul of the rules of this Court governing contingent fee arrangements."); id. at 131 ("Since the parties clearly excluded appellate work from the initial retainer, and executed a second retainer providing for a separate fee for appellate work, it cannot be said that the award of an additional 10% contingency fee ran afoul of precedent or section 603.7(e) of the Rules of the Appellate Division, First Department (22 NYCRR), governing contingent fee arrangements.").

At the pleading stage, Wiggins's allegations are sufficient to bring the fees within the rule in Stewart.  The original retainer agreement appears to expressly exclude "any appeal" and states the firm is under "no duty to perfect or prosecute [an] appeal until a satisfactory fee arrangement is made in writing . . . ."  (ECF 54 at Ex. 7 ¶ 6.)  Hence, the motion to dismiss on this ground will be denied, subject to reconsideration at the summary judgment stage on a more complete factual record.  Stewart, 125 A.D.3d at 134-35 ("In making this determination, we are guided by the clear and unequivocal language of the retainer agreement in this case, which was

expressly limited to work through trial; explicitly excluded appellate work from the scope of the retainer; and provided that any work done by the firm on the appeal would be performed under a separate fee agreement providing for further compensation for the firm and appellate counsel."). Of course, if there is no recovery by Wiggins against the individual officers in the state court action, arguably the defective Notice of Claim was not the proximate cause of any injury.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). "In deciding whether to issue a stay, a court considers factors such as '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" Groisman v. Goldberg & Rimberg PLLC, 2019 WL 2616903, at *2 (S.D.N.Y. June 26, 2019) (quoting LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)).

In Groisman, Judge Oetken denied a motion to dismiss plaintiff's legal malpractice claim and stayed the action pending resolution of an underlying proceeding, the outcome of which would determine whether plaintiff could ultimately prove causation and damages. 2019 WL 2616903, at *3-4. Judge Stanton similarly stayed a legal malpractice action where plaintiff had appealed the confirmation of an arbitration award, and success on appeal would require dismissal of the malpractice claim. Collins v. Felder, 251 F. Supp. 3d 634, 636 (S.D.N.Y. 2017). In staying the case rather than dismissing it on ripeness grounds, Judge Stanton observed that plaintiff's claim could be barred by the statute of limitations if it were dismissed and later re-asserted following a decision on the underlying appeal. Id.

As in <u>Collins</u>, a future legal malpractice claim brought by Wiggins would risk being time-barred.  "An action to recover damages arising from legal malpractice must be commenced within three years, computed from the time the cause of action accrued to the time the claim is interposed."  <u>3rd & 6th, LLC v. Berg</u>, 149 A.D.3d 794, 795 (2d Dep't 2017) (citing CPLR 214(6)).  "In most cases, this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury."  <u>3rd & 6th</u>, 149 A.D.3d at 795 (quotation marks omitted).  The action does not accrue "when 'the damages develop or become quantifiable or certain.'"  <u>Groisman</u>, 2019 WL 2616903, at *3 (quoting <u>Woodson ex rel. Woodson v. Am. Transit Ins. Co.</u>, 2005 WL 2515017, at *2 (N.Y. Sup. Ct. N.Y. Cnty. Oct. 11, 2005)).  Wiggins asserts that defendants committed malpractice when they filed a notice of claim on March 16, 2018 without identifying the individual defendants, meaning that any malpractice claim would be time-barred as of March 16, 2021.  (Opp. Mem. at 22.)

Given the uncertainties as to the outcome of Wiggins's ongoing claims in the New York Supreme Court and the likelihood that the limitations period for Wiggins's legal malpractice claim elapsed after the commencement of this action, the Court concludes that a stay is appropriate.

CONCLUSION.

Defendants' motions to dismiss are DENIED without prejudice.  The action is stayed pending further order of the Court.  The Clerk is directed to terminate the motions.  (ECF 50, 53.)

Counsel to Wiggins is ordered to file a letter on ECF updating the Court on the status of <u>Wiggins v. City of New York</u>, <u>et al.</u>, 152665/2019 (N.Y. Sup. Ct. N.Y. Cnty.), as of

June 30, 2023 and shall update the Court every 90 days thereafter.  The Court reserves the right

to modify the stay for good cause shown.

        SO ORDERED.

                                      P. Kevin Castel
                             United States District Judge

Dated: New York, New York
       March 8, 2023